UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TODD M. CELLEY,

        Plaintiff,

v.                                              Case No. 06-15628

                                                HON. AVERN COHN

LYNN B. D'ORIO,

        Defendant.

_____/

## ORDER OF DISMISSAL

I.

Plaintiff Todd M. Celley, proceeding <u>pro se</u> has filed a complaint naming Lynn B. D'Orio as a defendant. Plaintiff has been granted permission to proceed without payment of the filing fee.

For the reasons which follow, the Court shall dismiss plaintiff's complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2).

II.

The screening procedures established by § 1915 apply to complaints filed by non-prisoners and prisoners. <u>McGore v. Wrigglesworth</u>, 114 F.3d 601, 604 (6th Cir. 1997). Section 1915(e)(2) allows the Court to dismiss a complaint at any time if it determines that the case is frivolous or malicious, that the plaintiff fails to state a claim upon which relief may be granted, or seeks relief against a defendant who is immune from such relief. A complaint "is frivolous where it lacks an arguable basis either in law

or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

III.

When reviewing pro se complaints, the court must employ standards less stringent than if the complaint had been drafted by counsel. Haines v. Kerner, 404 U.S. 519 (1972).

The Court has read the complaint and the attachments. From what can be gleaned, defendant represented plaintiff in connection with charges of third-degree retail fraud and assault and battery in 2002. Plaintiff was convicted. Plaintiff appealed and successfully moved in the Michigan Court of Appeals for a remand to the Circuit Court for a Ginther hearing regarding ineffective assistance of counsel. After the hearing, the Circuit Court concluded that defendant's performance was not deficient nor was plaintiff prejudiced. Plaintiff sought leave to appeal in the Michigan Court of Appeals, which was denied. People v. Celley, No. 268116 (May 1, 2006). Meanwhile, in 2004, plaintiff filed a legal malpractice action against defendant in state court. The trial court dismissed the case on the grounds that plaintiff was collaterally estopped from litigating the issue of defendant's performance based on the finding in his criminal case. The Michigan Court of Appeals affirmed. Celley v. D'Orio, No. 269117 (Aug. 1, 2006) (unpublished).

On December 18, 2006, plaintiff filed a complaint in this Court, claiming that defendant's actions regarding his representation violated his 5th and 6th Amendment rights.

IV.

This case is barred by the Rooker-Feldman doctrine. Under this doctrine, federal courts lack jurisdiction to review a case litigated and decided in state court. District of

Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482 & n. 16 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-16 (1923). This is true even in the face of allegations that "the state court's action was unconstitutional." Feldman, 460 U.S. at 486; see also Blanton v. United States, 94 F.3d 227, 233-34 (6th Cir.1996). Instead, review of final determinations in state judicial proceedings can be obtained only in the United States Supreme Court. 28 U.S.C. § 1257; Feldman, 460 U.S. at 476.

A fair reading of the complaint reveals that plaintiff's federal case is an attempt to relitigate the issue of defendant's performance. It amounts to an impermissible attack of the state court's dismissal of his legal malpractice action. Because plaintiff is really seeking federal court review of a state court decision, the Rooker-Feldman doctrine precludes the exercise of federal jurisdiction.

Accordingly, the complaint is DISMISSED as frivolous pursuant to 28 U.S.C. § 1915(e)(2) for lack of jurisdiction.

SO ORDERED.


Dated:  December 20, 2006            s/Avern Cohn
                                                  AVERN COHN
                                                  UNITED STATES DISTRICT JUDGE


I hereby certify that a copy of the foregoing document was mailed to the parties of record and Todd M. Celley, 216 Kenwood Avenue, Ann Arbor, MI 48103, on this date, December 20, 2006, by electronic and/or ordinary mail.


                                                  s/Julie Owens
                                                  Case Manager, (313) 234-5160